UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

SERGIO SHAW, *et al.*,

                  Plaintiffs,

v.                                                                       Case No. 22-cv-45-pp

MILWAUKEE COUNTY JAIL, *et al.*,

                  Defendants.
_____

**ORDER DISMISSING ALL PLAINTIFFS EXCEPT SERGIO SHAW AND ORDERING SHAW TO FILE AN AMENDED COMPLAINT IF HE WISHES TO PROCEED WITH THIS LAWSUIT**
_____

On January 13, 2022, the court received from Sergio Shaw—indicating that he was incarcerated at the Milwaukee County Jail—a document titled "42 USC §1983 and Petition and Motion to Stop, Cease, and Desist Unlawful and Unconstitutional Practices in Office and/or Under the Color of Law." Dkt. No. 1. The complaint listed Shaw and fourteen other incarcerated persons and asserted that Shaw was the "sole spokesperson of this Class Action and civil litigation" on behalf of numerous "'occupants', 'inmates', 'prisoners', or otherwise 'counted' individuals (some of whom will later be named)." Id. at 1–2. The complaint said that some of the plaintiffs' "names are not included due to personal preference of exclusion and/or because names were unable to obtain." Id. at 3. It named as defendants the Milwaukee County Jail, the Milwaukee County Jail Administrator, the Milwaukee County Jail medical staff, the

1

Milwaukee County Jail mental health staff, the Milwaukee County Sheriff's Department and all its personnel and WellPath contracted employees. Id. at 1.

On January 19, 2022, the clerk's office sent letters to Shaw and each additional plaintiff named in the original complaint. Dkt. Nos. 2–3. These letters inform the plaintiffs that to proceed, they each must either pay the full $402 civil filing fee (which includes a $350 filing fee and a $52 administrative fee) or complete a form requesting to proceed without paying that fee. Id. The letter advised the plaintiffs that if they chose to proceed without prepaying the filing fee, they each would be required to file a certified copy of their institutional trust account statement for the past six months. Id. The letter informed the plaintiffs that in either event, they each were required to complete and return an enclosed form regarding magistrate judge consent. Id.

Since the date the clerk's office sent those letters, some of the letters the clerk's office sent have been returned to the court as undeliverable with no forwarding addresses available. Dkt. Nos. 4, 5. Some of the plaintiffs have filed requests to proceed without prepaying the filing fee, some have filed copies of their institutional trust account statements and some have filed the magistrate judge consent forms. Dkt. Nos. 6-8, 10–34. Some of the trust account statements do not cover the six-month period prior January 13, 2022, as the clerk's letters requested (and as the law requires). Some plaintiffs, including

Shaw, have not filed anything—no magistrate judge consent forms, no filing fees and no applications to proceed without prepaying the filing fee.[1]

On January 31, 2022, the court received a document titled "Amended 42 USC 1983 and Petition and Motion to Stop, Cease, and Desist Unlawful and Unconstitutional Practices in Office and/or Under the Color of Law." Dkt. No. 9. Id. at 1. The amended complaint again purported to be filed by Sergio Shaw; it listed sixteen other plaintiffs (all different from the fourteen plaintiffs listed in the first complaint) and again purported to be a class action filed on behalf of people in the Milwaukee County Jail. The only plaintiff named in both complaints is Shaw. Id. at 1–2, 10; Dkt. No. 1 at 1, 8. The signature page of the amended complaint was dated January 25, 2022, and represented that Shaw was at the Milwaukee County Jail. Dkt. No. 9 at 9. The amended complaint named the same defendants as had been named in the first complaint. Id. at 1. For reasons that it will explain in this order, the clerk's office has not sent letters to the other plaintiffs named in the amended complaint.

Section 1915A(a) of Title 28 requires a court review, or "screen," a complaint in a civil lawsuit where an incarcerated person "seeks redress from a governmental entity or officer or employee of a governmental entity." Normally,

---

[1] As the court explains below, Shaw has another lawsuit pending in this district—Shaw v. Milwaukee County Jail, Case No. 22-cv-62, received January 18, 2022. The same day the court received that complaint, it received from Shaw an application to proceed without prepaying the filing fee. Id. at Dkt. No. 2. That application has been docketed in Case No. 22-cv-62, but it does not relieve Shaw of the obligation of filing a magistrate consent form and a trust account statement for the six months prior to January 2022 in *both* cases, nor does it relieve him of the obligation to file an application to proceed without prepaying the filing fee in this case.

3
Case 2:22-cv-00045-PP   Filed 02/03/22   Page 3 of 10   Document 38

the court does not "screen" such a complaint until the plaintiff has either paid the filing fee or filed an application seeking to proceed without prepaying the filing fee (and attached his trust account statement). Although the court has not received from plaintiff Shaw either a filing fee or an application to proceed without prepaying one, the court has "screened" the amended complaint, because there are significant problems with it that need addressing before the litigation goes any further.

I.   **The Amended Complaint[2]**

The amended complaint alleges that the jail "and ALL of it's [sic] administrators [and] administrative personell [sic]" have committed "MANY . . . Constitutional violations that the Federal and State Governments guaruntee [sic] that we should. shall. and must be free from experiencing." Dkt. No. 9 at 2 (emphasis in original). It alleges that the plaintiffs are "being treated inhumanely and forced to live in and under nearly inhabitable [sic] [and] unsanitary living conditions" caused by flooding toilets and poor sanitation. Id. at 3. The amended complaint alleges that jail staff are violating the plaintiffs' rights under HIPPA by "carelessly performing Covid-19 tests, Diabetes test etc. [sic] and openly disclosing the results of said and various other treatment [and] test results in front of the entire pod of over 40 different individual jail

---

[2] The court screens only the amended complaint, because "[i]t is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." Flannery v. Recording Industry Ass'n of America, 354 F.3d 632, 638 n.1 (7th Cir. 2004). At any rate, the two complaints are almost identical except for the names of the plaintiffs other than Shaw.

occupants." Id. at 4. The amended complaint claims that jail staff do not permit the plaintiffs adequate time out of their cells for recreation, provide too few phones, provide only two kiosk machines for inmates to submit grievances and have only one functioning Homewave visitation booth. Id. at 4–5. The amended complaint accuses jail staff of providing the plaintiffs inadequate nutrition. Id. at 5–6. Finally, the amended complaint alleges that medical staff are "administering 'old', 'used', 'opened' and/or 'contaminated' Covid-19 nasal swab test[s] to and upon covid negative people." Id. at 6. Shaw alleges he knows this to be true because jail staff held him down, straddled him and forced a contaminated swab into his nostrils, despite him refusing the test and protesting that staff were hurting him.[3] Id. at 6–7.

The amended complaint lists sixteen plaintiffs, and includes blank spaces for up to thirty-seven, as the "Class-Action Parties." Id. at 8. The complaint says those persons "are all a part of this Class Action [and] Civil Litigation." Id. at 7. The amended complaint ends with a certification from Shaw, who says he is

> speaking for [him]self, and on behalf of those of us whom [sic] aren't able to let they're [sic] voice be heard, and those of us who lacks [sic] the platform to take stance. those of us who lack resources and don't which [sic] way to go, and those of us plaintiffs and victims of numerous Constitutional violations.

Id. at 10. The complaint seeks various forms of injunctive relief, including "normal 6-7 hrs of daily dayroom recreation time," improved medical and

---

[3] This last allegation also is the basis for a second lawsuit that Shaw filed with this court on behalf of only himself. See Case No. 22-cv-62-pp, Dkt. No. 1.

mental-health treatment and sanitary accommodations. Id. at 10-11. It also seeks "10 million dollars [*sic*] payout to each victim and plaintiff listed in this action." Id. at 11.

## II. Analysis

The court will not allow this case to proceed as a class action on behalf of all named (and not yet named) plaintiffs. The amended complaint names dozens of persons allegedly incarcerated at the jail as plaintiffs, with Shaw (who asserts that he also is an inmate at the Milwaukee County Jail) as their representative. Shaw is representing himself[4] and the amended complaint does not allege that any putative plaintiff has a lawyer. Under Federal Rule of Civil Procedure 23(a)(4), a single representative may represent a proposed class only if "the representative part[y] will fairly and adequately protect the interests of the class." Given that requirement, courts in this circuit and others repeatedly have declined to allow a self-represented incarcerated person to represent a class in a class action. See Justich v. Carr, No. 20-CV-1575-JPS, 2021 WL 3711101, at *2 (E.D. Wis. Aug. 20, 2021) (citing Howard v. Pollard, 814 F.3d 476, 478 (7th Cir. 2015), and cases from other circuits). The court not only agrees with this law, but is bound to follow it. The court will not allow this case to proceed as a class action with Shaw as the representative party.

The court will dismiss all plaintiffs except Shaw, who filed the lawsuit. If Shaw wishes to proceed in this lawsuit, he must file a second amended

---

[4] He indicates that he is considered to be quite knowledgeable of the law. Dkt. No. 9 at 3.

6
Case 2:22-cv-00045-PP   Filed 02/03/22   Page 6 of 10   Document 38

complaint by the deadline below. Any claims Shaw wishes to bring in a second amended complaint may relate only to alleged violations of his *own* rights; he may not bring claims on behalf of any inmate except himself. See Lewis v. Casey, 518 U.S. 343, 349–50 (1996); Massey v. Helman, 196 F.3d 727, 739–40 (7th Cir. 1999). The amended complaint contains only one claim specific to Shaw—his claim about the forced COVID-19 test. That claim is the basis for Shaw's other lawsuit before this court, Case No. 22-cv-62-pp. Those allegations will proceed in Case No. 22-cv-62 with Shaw as the sole plaintiff. He should not include allegations about the forced COVID-19 test if he chooses to file a second amended complaint in this case.

Shaw also must comply with the clerk's January 19, 2022 letter by either paying the $402 civil filing fee (the $350 filing fee plus the $52 administrative fee) or filing a request to proceed without prepaying the fee by the below deadline. If he files an application to proceed without prepaying the filing fee, he must also file a certified copy of his institutional trust account statement for the past six months showing his inability to pay the fee. Even if Shaw files a request to proceed without prepaying the filing fee, and even if the court grants it, **Shaw will remain obligated to pay the $350 filing fee, even if the court does not screen the second amended complaint and even if the court dismisses the case**. See https://www.wied.uscourts.gov/news/notice-prisoners-eastern-district-wisconsin%E2%80%99s-updated-filing-fee-policy.

Any other plaintiff who wishes to proceed in a civil lawsuit in this court must file his own lawsuit. Any lawsuit brought by another plaintiff may relate

only to violations of his own rights. No plaintiff may bring a lawsuit on behalf of another inmate or based on allegations that jail staff violated another inmate's rights.

The court will not enforce the clerk's January 19, 2022 letter against any named plaintiff other than Shaw and will not assess a filing fee against any named plaintiff except Shaw. Any other plaintiff who chooses to bring a lawsuit on his own behalf, however, will be responsible for either paying the full $402 civil filing fee or filing a request to proceed without prepaying the fee. Any plaintiff who asks to proceed without prepaying the filing fee also will be required to file a certified copy of his institutional trust account statement for the six months preceding the month in which he files his lawsuit. The court advises the plaintiffs that even if they request to proceed without prepaying the full filing fee, and even if the court grants that motion, **any incarcerated person who files a civil lawsuit in this court will be obligated to pay the $350 filing fee, even if the court does not screen the complaint and even if the court dismisses the case**. See https://www.wied.uscourts.gov/news/notice-prisoners-eastern-district-wisconsin%E2%80%99s-updated-filing-fee-policy.

### III. Conclusion

The court **FINDS** that the amended complaint fails to state a claim. Dkt. No. 9.

The court **DISMISSES** all plaintiffs except Sergio Shaw, who will remain as the sole plaintiff in this case. The court **ORDERS** that the Clerk of Court

must terminate all other plaintiffs and remove their names from the caption in the docket.

The court **DENIES AS MOOT** the plaintiffs' motions to proceed without prepaying the filing fee. Dkt. Nos. 6, 10, 13, 16, 19, 22, 25, 28, 32, 36.

The court **ORDERS** that, if Shaw wishes to proceed with this lawsuit, he must comply with the clerk's January 19, 2022 letter by either paying the $402 civil filing fee or filing a motion to proceed without prepaying the fee. If he files a motion to proceed without prepaying the filing fee, he also must file a certified copy of his institutional trust account statement for the past six months. Shaw must pay the filing fee or file the motion/trust account statement in time for the court to *receive* it by the end of the day on **March 4, 2022**. If the court does not receive either the $402 filing fee or a request to proceed without prepaying the fee by the end of the day on Friday, March 4, 2022, the court will dismiss this case for Shaw's failure to prosecute it.

The court **ORDERS** that plaintiff Sergio Shaw may file a second amended complaint that complies with the instructions in this order. If Shaw chooses to file a second amended complaint, he must do so in time for the court to receive it by the end of the day on **March 4, 2022**. If the court receives from Shaw a second amended complaint by the end of the day on March 4, 2022, the court will screen the second amended complaint as required by 28 U.S.C. §1915A. If the court does not receive from Shaw a second amended complaint by the end of the day on Friday, March 4, 2022, the court will dismiss this case based on

Shaw's failure to state a claim in the amended complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that any other plaintiff named in the complaint or in the amended complaint may bring a civil lawsuit on his own behalf only. Any plaintiff who chooses to do so will be responsible for litigating and prosecuting his own lawsuit. Any inmate who files a civil lawsuit in this court will be obligated to pay the $350 filing fee over time regardless of the outcome of his lawsuit.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**