UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SERGIO SHAW,

                          Plaintiffs,

   v.                                     Case No. 22-cv-45-pp

MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY JAIL ADMINISTRATOR,
MILWAUKEE COUNTY JAIL MEDICAL STAFF,
MILWAUKEE COUNTY JAIL MENTAL HEALTH STAFF,
MILWAUKEE COUNTY SHERIFF'S DEPARTMENT,
and WELLPATH CONTRACTED EMPLOYEES,

                          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 45), DENYING AS UNNECESSARY PLAINTIFF'S SECOND MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 54), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 57), SCREENING SECOND AMENDED COMPLAINT UNDER 28 U.S.C. §1915A AND ALLOWING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT**

      Sergio Shaw, who is incarcerated at Jackson Correctional Institution and who is representing himself, filed a complaint under 42 U.S.C. §1983, purportedly on behalf of himself and numerous other persons incarcerated at the jail, alleging that the defendants violated their civil rights. Dkt. No. 1. On January 31, 2022, the plaintiff filed an amended complaint, again on behalf of himself and numerous other persons incarcerated at the jail, alleging the same violations of the plaintiffs' rights. Dkt. No. 9. On February 3, 2022, the court dismissed all plaintiffs except Shaw and explained that as an incarcerated person representing himself, the plaintiff was not qualified to represent the interests of the other incarcerated persons on whose behalf he brought the

amended complaint. Dkt. No. 38 at 6. The court dismissed the amended complaint because it failed to state a claim and ordered the plaintiff to file a second amended complaint related to only the alleged violations of his own rights. Id. at 6–8.

On February 15, 2022, the plaintiff timely filed a second amended complaint. Dkt. No. 55. The second amended complaint names Shaw as the only plaintiff and seeks to proceed on claims related to violations of his own rights. This decision resolves the plaintiff's motions for leave to proceed without prepaying the filing fee, dkt. nos. 45, 54, and motion to appoint counsel, dkt. No. 57, and screens the second amended complaint, dkt. no. 55.

## I.  Motions for Leave to Proceed without Prepaying the Filing Fee (Dkt. Nos. 45, 54)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On March 8, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $30. Dkt. No. 62. The court received that fee on March 28, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 45. He must pay the remainder of the filing fee over time in the manner explained at the end of this order. Because the court is granting the plaintiff's first motion for leave to proceed without prepaying the filing fee, the court will deny the plaintiff's second, nearly identical motion because it is unnecessary. Dkt. No. 54.

## II. Screening the Second Amended Complaint (Dkt. No. 55)

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the second amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the second amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The second amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793,

3

798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

At the time of the events described in the complaint, the plaintiff was in custody at the Milwaukee County Jail. The second amended complaint names as defendants the Milwaukee County Jail, the Milwaukee County Jail Administrator, Milwaukee County Jail Medical Staff, Milwaukee County Jail Mental Health Staff, the Milwaukee County Sheriff's Department and WellPath contracted employees. Dkt. No. 55 at 1. It alleges that between December 10, 2021[1] and February 10, 2022, the defendants subjected the plaintiff to "numerous Constitutional violations." Id. at 2. It alleges the defendants

> forced [him] to live in very unsanitary, and nearly inhabitable [*sic*] living conditions and subjected [him] to inhumane treatment due to flooding toilets in which bio matter content from flooded toilets drain through the ceiling on the 3rd floor right by the air ventilation system and these air vents/ducts are in HORRIDLY unsanitary conditions causing various breathing complications, nausea, migranes [*sic*], asbestos, etc., as they are NEVER cleaned.

Id. The plaintiff alleges that the Wellpath employees and the jail's medical and mental-health staff "blatantly violate United States Constitutional HIPPA law by openly disregarding [his] rights to privacy and confidentiality." Id. at 2–3. The plaintiff says those staff administered medical tests, disclosed his medications

---

[1] The second amended alleges that these events began on "December 10th, 2022." Dkt. No. 55 at 2. The court believes that the plaintiff meant to say December *2021*.

and revealed his test results in the jail's dayroom living pod in front of forty other detainees. Id. at 3.

The plaintiff next alleges that the jail's staff and the Sheriff's Department, "by order of the Milw County Jail Administrator," provided him inadequate meals or nutrition "for over a month straight." Id. He says this inadequate nutrition cased him "to lose unhealthy amounts of weight." Id.

The plaintiff alleges that jail staff subjected him to cruel and unusual punishment by limiting his "movement and recreation, causing a forced physical muscle atrophy." Id. He similarly alleges that jail staff and the Sheriff's Department "impede on [his] ability to access natural sunlight" by preventing him from going outside. Id. He says this deprivation of sunlight has caused a vitamin D deficiency. Id. He further alleges that staff "frost up the cell window specifically so that [he] can't get sunlight or even 'see' natural sunlight." Id. at 3–4.

The plaintiff also filed a supplement to the second amended complaint. Dkt. No. 58. This supplement is not a motion or an additional amended complaint. It lists several legal claims, such as deliberate indifference to medical needs, violation of due process rights, cruel and unusual punishment and so on. Id. at 1. The second page is titled "Key Points on Lawsuit Grounds." Id. at 2. This page lists additional legal grounds, some of which also are listed on page one. The supplement does not tie any of the stated legal grounds to facts alleged or defendants named in the second amended complaint. The plaintiff attached to this supplement various exhibits, some from this lawsuit and some from his pending state court criminal matter. Dkt. No. 58-1. The plaintiff does not explain the significance or relevance of these exhibits.

The plaintiff seeks unspecified compensatory damages. Dkt. No. 55 at 4. He also seeks injunctive relief ordering the jail to provide him 1) access to "natural sunlight through the cell window (i.e. unfrost all of the cell windows," 2) six to seven hours "of daily dayroom recreation time," 3) improved medical and mental-health treatment and 4) improved meals offering adequate nutrition. Id. Finally, he asks the court to order the jail to install new ventilation systems and air ducts throughout the jail.[2] Id.

C. Analysis

The second amended complaint, like the first amended complaint, suffers from several defects. First, it names as defendants the non-person entities of the Milwaukee County Jail and the Milwaukee County Sheriff's Department. Section 1983 allows a citizen to sue any "person" who violates his rights under color of state law. Neither the jail nor the Sheriff's Department is a "person." Defendants in a federal lawsuit must have the capacity to be sued, and the "law of the state where the court is located" determines that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b). "The federal courts look to state law to determine if a defendant is amenable to suit." DeGenova v. Sheriff of DuPage Cty., 209 F.3d 973, 976 n.2 (7th Cir. 2000) (citing Fed. R. Civ. P. 17(b)). A sheriff's department is not "a legal entity separable from the county government which it serves and is therefore, not subject to suit." Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d 700, 704

---

[2] The plaintiff also alleges that he mailed a completed magistrate judge consent form to the court, but asserts that the jail was tampering with his incoming and outgoing mail. Dkt. No. 55 at 1–2. He also says the jail refused to file a certified copy of his institutional trust account statement. Id. The court has received the plaintiff's magistrate judge consent form and a certified copy of his institutional trust account statement. Dkt. Nos. 44, 61. Because there is no evidence that the jail was tampering with the plaintiff's mail, the court will take no action on these allegations.

(7th Cir. 2004). Because the jail is operated by the sheriff's department, the jail also is not a legal entity separable from the county it serves and is not subject to suit.

Second, the second amended complaint vaguely identifies groups of defendants (jail medical staff, jail mental health staff, WellPath employees) without identifying individual people who allegedly violated the plaintiff's rights. Suing "large, indeterminate groups of defendants" does not provide proper notice to any potential defendant of what he or she is accused of doing that violated the plaintiff's rights. Henderson v. Wall, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) (citing Twombly, 550 U.S. at 555, and Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013)); see also Cash v. Marion Cty. Jail, 211 Fed. App'x 486, 488 (7th Cir. 2006) (explaining that "the 'staff' of the MCJ [is not] a person under § 1983" and may not be sued as such). The only single, identifiable person that the plaintiff's second amended complaint names is the jail administrator.

Some of these problems could be cured by substituting "John/Jane Doe" placeholders for the individual defendants. In fact, the court has an obligation to assist self-represented plaintiffs with naming defendants against whom the complaint states a valid claim. See Donald v. Cook Cty. Sheriff's Dep't, 95 F.3d 548, 555–56 (7th Cir. 1996). But the second amended complaint has another, larger problem: It seeks to proceed on several unrelated claims against different defendants. A plaintiff may bring multiple claims against a single defendant in the same case, but a plaintiff cannot bring *unrelated* claims against different defendants in the same case. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim

7

against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. See Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

The second amended complaint violates Rules 18 and 20 because it seeks to bring five, unrelated claims against different sets of defendants. The second amended complaint alleges that (1) all defendants (including the non-person entities) subjected the plaintiff to unconstitutional conditions of confinement; (2) that WellPath staff and jail staff violated the plaintiff's rights under HIPAA; (3) that jail staff and the Sheriff's Department (by order of the jail administrator) provided the plaintiff with inadequate meals and nutrition; (4) that jail staff deprived him of adequate recreation time and movement; and (5) that jail staff and the Sheriff's Department deprived him of sunlight and outdoor access. Although some of these allegations may state a claim,[3] they do not arise out of the same events or incidents, involve the same defendants or involve common questions of law or fact.

The court must reject the second amended complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed.

---

[3] One of these allegations does *not* state a claim: the plaintiff's assertion that WellPath and jail staff violated his rights under HIPAA. The Health Insurance Portability and Accountability Act of 1996 (HIPAA) required creation of national standards to protect sensitive patient information. The Seventh Circuit has held that "HIPAA confers no private right of action." Stewart v. Parkview Hospital, 940 F.3d 1013, 1015 (7th Cir. 2019). ". . . Congress left enforcement for [HIPAA] violations to the Department of Health and Human Services, not to private plaintiffs." Id. The plaintiff may not sue for violations of HIPAA.

R. Civ. P. 21). Before doing so, the court will give the plaintiff an opportunity to choose which of the above-described, unrelated claims he wants to pursue in this case. The plaintiff may, by the deadline the court sets below, file a third amended complaint that focuses on the claim or *related* claims of his choice. The plaintiff also must name a proper defendant or defendants against whom he seeks to proceed on the claim(s) of his choosing.

For example, the plaintiff may choose to proceed on his claim that under an order from the jail administrator, the jail staff provided him with inadequate meals and nutrition. He may file a third amended complaint explaining the facts surrounding that claim—during what time period did he receive the inadequate meals and nutrition? What was inadequate about the meals and nutrition? What kinds of food did he receive? Who gave him the food? Did he file any grievances about the food? What happened when he filed grievances? If the plaintiff does not know the name of the jail administrator or the names of the people who served him the food, he may identify them as "John Doe Jail Administrator" or "Jane Doe kitchen worker" or "John Doe second shift sergeant in the A pod."

If the plaintiff wishes to bring his other claims, he must do so in separate lawsuits—a separate suit for each unrelated claim—and he will owe a separate filing fee for each lawsuit he files. If the plaintiff does not file a third amended complaint consistent with the instructions in this decision, or if the third amended complaint suffers from the same defects as the original and second amended complaint, the court will allow the plaintiff to proceed only on his claim about the conditions of his confinement at the jail and will dismiss all other improperly joined defendants and claims. *This is the plaintiff's FINAL opportunity to file a proper complaint in this lawsuit.*

### III. Motion to Appoint Counsel (Dkt. No. 57)

The plaintiff has asked the court to appoint a lawyer to represent him. Dkt. No. 57. The plaintiff says he intends to proceed to a jury trial, during which he will call "well over 20" witnesses and expert witnesses. Id. at 1. He says that as a pretrial detainee, he has limited access to the resources he needs to prove his allegations. Id. at 1–2. The plaintiff asserts "it would be unduly and overwhelmingly burdensome to attain all of the necessary affidavits, depositions, and evidence needed to successfully prove and win this case before a jury." Id. at 2.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at

682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

The plaintiff has not satisfied the first requirement. He has not indicated whether he has made any effort to obtain counsel on his own by contacting any lawyers, firms or organizations about his case.

Even if the plaintiff had satisfied the first requirement, he has not satisfied the second. "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff previously indicated that "he is considered to be quite knowledgeable of the law." Dkt. No. 38 at 6, n.4 (citing Dkt. No. 9 at 3). He asks the court to appoint him an attorney in anticipation that there will be a trial. But it is far too early to determine whether there will be a trial. The documents that the plaintiff has filed thus far show that he understands how to detail his allegations and pursue this lawsuit. Although he has perhaps been overly ambitious, the plaintiff has explained clearly and articulately what has happened to him. Again, other than being overly ambitious, thus far he has represented himself better than many other incarcerated persons. As the case progresses, the legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself unable to obtain the information he believes he needs to prove his claims. If any of those things happen, it may be appropriate to recruit counsel to represent the plaintiff.

The court will deny the plaintiff's motion for appointment of counsel without prejudice. That means the plaintiff may renew his request for assistance later on, assuming he complies with this order and files a proper complaint.

**IV.    The Plaintiff's Letters**

As a final note, the plaintiff filed several other letters or requests. Some of these letters address the jail's alleged refusal to file a certified copy of the plaintiff's trust account statement. Dkt. Nos. 59, 63. As noted, the court has received the plaintiff's trust account statement, so it will not take further action on these letters about his trust account statement.

In another letter, titled "Notice of Unlawful Practice In Office," the plaintiff said that he had been subject to "[n]umerous constitutional violations"

while at the jail. Dkt. No. 60. He said he filed this lawsuit about those violations, as well as filing another lawsuit that also is pending before this court (Shaw v. Butler, *et al.*, Case 22-cv-62). Id. at 1. The plaintiff demanded his "immediate release" based on those alleged violations, which he alleged place his health, safety and life "under threat and in imm[i]nent-danger." Id. at 2. The plaintiff requested that the court schedule "a Court date as soon as there's an opening or any availability on the Court's docket." Id. He reiterated that he is "being mistreated, harassed, threated, (sometimes ass[a]ulted), [and] psychologically/medically neglected" because he filed his two lawsuits pending before this court. Id.

To the extent the plaintiff was seeking an injunction ordering his release from the jail, the court did not have the authority to grant that request. At the time he filed the letters, the plaintiff had a pending state court criminal matter for which he was being detained at the jail. See State v. Shaw, Milwaukee County Case 2021CF005087 (available at https://wcca.wicourts.gov/). The only proper way for the plaintiff to challenge the fact of his incarceration or to request his release was for him to either file a motion for bond in that case or a petition for a writ of *habeas corpus*. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973)).

To the extent the plaintiff was seeking to proceed on a claim alleging that jail officials retaliated against him for filing these lawsuits, that claim is not related to those alleged in the second amended complaint. As the court explained above, the plaintiff cannot proceed on that unrelated claim in this lawsuit. If he wishes to pursue the retaliation claim, he must bring it in a separate lawsuit for which he will be obligated to pay a separate filing fee. See George, 507 F.3d at 607.

13
Case 2:22-cv-00045-PP   Filed 10/17/22   Page 13 of 16   Document 68

### V. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 45.

The court **DENIES AS UNNECESSARY** the plaintiff's second motion for leave to proceed without prepaying the filing fee. Dkt. No. 54.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for appointment of counsel. Dkt. No. 57.

The court **ORDERS** that the plaintiff may file a third amended complaint that complies with the instructions in this order. The court is sending the plaintiff a copy of its amended complaint form. The plaintiff must write "Third" at the top of the first page above the words "Amended Complaint" and he must write in the case number for this case. If the plaintiff chooses to file a third amended complaint, he must do so in time for the court to *receive* it by the end of the day on **November 18, 2022**. If the plaintiff files a third amended complaint in time for the court to receive it by that date, the court will screen the third amended complaint as required by 28 U.S.C. §1915A. If the court does not receive a third amended complaint by the deadline, or if the third amended complaint does not comply with the instructions in this order, the court will allow the plaintiff to proceed only his claim related to the conditions of his confinement and will dismiss all other claims and related defendants.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$317** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Jackson Correctional Institution.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[4] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court reminds the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The court also reminds the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this

---

[4] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

case without further notice.

Dated in Milwaukee, Wisconsin this 17th day of October, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**