UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SERGIO SHAW,

                    Plaintiff,

       v.                              Case No. 22-cv-45-pp

MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY JAIL ADMINISTRATOR,
MILWAUKEE COUNTY JAIL MEDICAL STAFF,
MILWAUKEE COUNTY JAIL MENTAL HEALTH STAFF,
MILWAUKEE COUNTY SHERIFF'S DEPARTMENT
and WELLPATH CONTRACTED EMPLOYEES,

                    Defendants.

---

### ORDER ALLOWING PLAINTIFF TO PROCEED ONLY ON CONDITIONS OF CONFINEMENT CLAIM, DISMISSING ALL OTHER DEFENDANTS AND CLAIMS AND ORDERING SERVICE OF SECOND AMENDED COMPLAINT ON MILWAUKEE COUNTY SHERIFF

---

On October 17, 2022, the court screened plaintiff Sergio Shaw's second amended complaint (Dkt. No. 55) and determined that it "suffer[ed] from several defects." Dkt. No. 68 at 6. The court explained that the second amended complaint improperly named as defendants several non-person entities and groups of unidentified persons, and it sought to proceed on several unrelated claims against those different defendants. Id. at 6–7. The court gave the plaintiff a final opportunity to file a proper complaint and ordered him to do so by November 18, 2022. Id. at 14. The court advised that

> [i]f the plaintiff does not file a third amended complaint consistent
> with the instructions in this decision, or if the third amended
> complaint suffers from the same defects as the original and second
> amended complaint, the court will allow the plaintiff to proceed only

on his claim about the conditions of his confinement at the jail and will dismiss all other improperly joined defendants and claims.

Id. at 9.

The November 18, 2022 deadline passed some time ago and the court has not received a third amended complaint from the plaintiff. The court will enforce the previous order and allow the plaintiff to proceed only on his claim about the conditions of his confinement at the Milwaukee County Jail. As the court explained in its October 17, 2022 order, "The only single, identifiable person that the plaintiff's second amended complaint names is the jail administrator." Id. at 7. The court will allow the plaintiff to proceed against the Milwaukee County Jail Administrator and will dismiss all other defendants and claims.

Because the plaintiff does not know the name of the defendant he is suing, the court will add Milwaukee County Sheriff Denita R. Ball as a defendant for the limited purpose of helping the plaintiff identify the name of the defendant. See Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball is not required to respond to the second amended complaint. After Sheriff Ball's lawyer files a notice of appearance, the plaintiff may serve discovery upon Sheriff Ball (by mailing it to her attorney at the address in her notice of appearance) to get information that will help him identify the name of the defendant.

For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Ball, the plaintiff's

discovery requests must be limited to information or documents that will help him learn the real name of the defendant he is suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.

After the plaintiff learns the name of the person that he alleges violated his constitutional rights, he must file a motion to substitute that person's real name for the Milwaukee County Jail Administrator placeholder. The court will dismiss Sheriff Ball as a defendant once the plaintiff identifies the defendant's name. After the defendant has an opportunity to respond to the plaintiff's second amended complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the name of the Jail Administrator within sixty days of Sheriff Ball's attorney filing a notice of appearance. If the plaintiff does not identify the name of the Jail Administrator in sixty days, or explain to the court why he is unable to do so, the court may dismiss the case based on plaintiff's failure to diligently pursue it. Civil Local Rule 41(c) (E.D. Wis.).

The court **DISMISSES** defendants Milwaukee County Jail, Milwaukee County Jail Medical Staff, Milwaukee County Jail Mental Health Staff, Milwaukee County Sheriff's Department and WellPath Contracted Employees.

The court **DIRECTS** the Clerk of Court to add Milwaukee County Sheriff Denita R. Ball as a defendant for the limited purpose of assisting the plaintiff in identifying the real name of the Milwaukee County Jail Administrator. Under

an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the second amended complaint (Dkt. No. 55), the October 17, 2022 order (Dkt. No. 68) and this order to Milwaukee County for service on Sheriff Ball.

The court **ORDERS** that Sheriff Ball is not required to respond to the plaintiff's second amended complaint; however, she must respond to the plaintiff's discovery requests as described in this order.

The court **ORDERS** the plaintiff to identify the real name of the Jail Administrator within sixty days of Sheriff Ball's attorney appearing in the case. If he does not, or does not explain to the court why he is unable to identify the defendant's real name, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

Dated in Milwaukee, Wisconsin this 29th day of March, 2023.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge