UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SERGIO SHAW,

                        Plaintiff,

v.                                                  Case No. 22-cv-45-pp

AARON DOBSON,

                        Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 80) AND DISMISSING CASE WITHOUT PREJUDICE**

---

      Plaintiff Sergio Shaw, an incarcerated person who is representing himself, is proceeding against a Milwaukee County Jail official under 42 U.S.C. §1983. The defendant has moved for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before bringing this lawsuit. Dkt. No. 80. The plaintiff has not opposed the motion. The court will grant the motion and dismiss the case without prejudice.

**I.    Facts**

      A.    <u>Procedural Background</u>

      On January 13, 2022, the court received the initial complaint, which the plaintiff filed as a purported class action on behalf of himself and fourteen other incarcerated persons. Dkt. No. 1. The complaint named as defendants several Milwaukee County entities and broadly identified staff groups. <u>Id.</u> at 1. On January 31, 2022, the court received an amended complaint that the

plaintiff filed on behalf of himself and sixteen other incarcerated persons. Dkt. No. 9. The amended complaint asserted that various constitutional violations had occurred at the Milwaukee County Jail and sought injunctive relief and $10 million for each plaintiff. Id. at 2–11.

On February 3, 2022, the court issued an order dismissing all plaintiffs except Shaw and ordering that by March 4, 2022, he must file a second amended complaint alleging violations of only his own rights. Dkt. No. 38. On February 15, 2022, the court received the second amended complaint. Dkt. No. 55. The court screened the second amended complaint and explained that it did not name a proper defendant. Dkt. No. 68. The court explained that the second amended complaint also improperly sought to proceed on several unrelated claims against different defendants, including a claim that the defendants "forced [the plaintiff] to live in very unsanitary, and nearly inhabitable [*sic*] living conditions and subjected [him] to inhumane treatment." Id. at 4, 7–8. The court ordered that by November 18, 2022, the plaintiff must file a third amended complaint that focused on the claim or related claims of his choosing. Id. at 9. The court advised the plaintiff:

> If the plaintiff does not file a third amended complaint consistent with the instructions in this decision, or if the third amended complaint suffers from the same defects as the original and second amended complaint, the court will allow the plaintiff to proceed only on his claim about the conditions of his confinement at the jail and will dismiss all other improperly joined defendants and claims.

Id. at 9. The court noted that it would not give the plaintiff another opportunity to file a proper complaint. Id. The court also denied the plaintiff's motion to appoint him counsel. Id. at 10–12.

2
Case 2:22-cv-00045-PP   Filed 01/29/24   Page 2 of 12   Document 86

The plaintiff did not file a third amended complaint. On March 29, 2023, the court issued an order allowing the plaintiff to proceed only on his claim about the conditions of his confinement, dismissing all other defendants and claims and ordering service of the second amended complaint on Milwaukee County Sheriff Denita R. Ball. Dkt. No. 69. The court explained that the sheriff would be added as a defendant for the limited purpose of helping the plaintiff identify a proper defendant for his claim. Id. at 2. The court ordered the plaintiff to identify the proper defendant within sixty days of Sheriff Ball's attorney appearing in the case. Id. at 4.

On April 4, 2023, counsel for Sheriff Ball filed a notice of appearance. Dkt. No. 70. On June 5, 2023, the court received the plaintiff's motion to substitute Jail Administrator Aaron Dobson in place of Sheriff Ball. Dkt. No. 71. The court granted that motion, substituted defendant Dobson in place of Sheriff Ball and ordered Dobson to respond to the second amended complaint within sixty days. Dkt. No. 72.

After Dobson filed his answer to the second amended complaint, the court issued a scheduling order setting a November 13, 2023 deadline by which the defendant could move for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies. Dkt. No. 78. At that deadline, the court received the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 80. The court ordered the plaintiff to respond to the motion by December 13, 2023. Dkt. No. 85. The court explained that if it did not receive the plaintiff's response by that deadline, "the court will treat the

defendant's motion as unopposed, that is, without considering a response from the plaintiff." Id. at 2. The court explained that meant "the court likely will grant the defendant's motion and dismiss the case." Id.

The December 13, 2023 deadline has passed, and the plaintiff has not filed a response to the defendant's motion for summary judgment or requested additional time to do so. The defendant sent his motion, and the court sent its order, to the plaintiff at Oshkosh Correctional Institution, where he remains incarcerated. The order was not returned as undeliverable, so the court has no reason to believe the plaintiff did not receive it. The court will enforce its previous order and decide the defendant's motion without the plaintiff's input.

B. Factual Background

The plaintiff was a pretrial detainee at the Milwaukee County Jail from December 11, 2021 through July 25, 2022, when he was transferred to a state prison. Dkt. No. 82 at ¶¶1–2; Dkt. No. 84-2. During that time, the jail had a policy for detainees wishing to file a grievance about jail conditions. Dkt. No. 82 at ¶3. This policy was available in the jail's Occupant Handbook, which is provided to all persons incarcerated at the jail. Id.; Dkt. No. 84-1. The handbook outlines the following regarding filing grievances:

> If you feel you are being treated unjustly or unfairly you may file a grievance. A grievance must:
>
> • Address an issue personally affecting an occupant in the area of health, welfare, facility operation or occupant services
>
> • Address a complaint of oppression or misconduct by an employee
>
> • You should file a grievance <u>only after you have addressed the problem with the pod officer and are not satisfied with the result.</u>

Dkt. No. 84-1 at 3 (underlining in original). The handbook also provides the following procedures for incarcerated persons who wish to file a grievance:

Grievance procedure:

1. Complete grievance in the Kiosk. If you need help, ask the officer, or request the assistance of an advocate.

2. The grievance will be reviewed and answered by a Jail Representative.

3. If you are dissatisfied with the result you may appeal the decision by writing supporting documentation including full names of witnesses. The appealing Jail Representative will review and rule on your appeal.

4. Once the appealing representative has ruled, and more evidence is available[,] you may make one final appeal to the Jail Commander or his/her designee. This appeal must include all previous writings and supporting testimony and evidence and the new-found information/evidence. This decision/action is final.

Id.

The plaintiff filed several grievances while incarcerated at the jail. Dkt. No. 82 at ¶6. He filed a grievance at 9:27 a.m. on January 4, 2022, complaining, "I have been denied cleaning products and a shower and have been forced to live in and under inhumane living conditions." Id. at ¶7; Dkt. No. 84-3 at 1. About a half hour later, jail staff responded to the plaintiff's grievance, telling him, "Please resubmit this grievance including the date and time this occurred. Also include the officers [*sic*] name. On[c]e resubmitted with the needed information, the grievance can be assigned for review." Dkt. No. 84-3 at 1. The plaintiff did not resubmit the grievance, provide the requested

information or appeal the response that he received. Dkt. No. 82 at ¶9. The plaintiff did not follow up on the grievance in any documented way. Id.

At 12:05 p.m. on February 21, 2022, the plaintiff filed another grievance about the conditions of his confinement. Id. at ¶10; Dkt. No. 84-3 at 2. This grievance alleges, "I've been locked in ym [*sic*] cell for over 24hrs straight[ ]and I've been subjected to various forms of living[ ]in[ ]unsanitary conditions." Dkt. No. 84-3 at 2. Jail staff responded three minutes later and again requested that the plaintiff "provide more information/specific details (date, time, name of officer) and resubmit grievance." Id. The plaintiff did not resubmit the grievance. Id. Four days later, on February 25, 2022, the plaintiff appealed the grievance and wrote, "I was not allowed to shower or clean my cell." Id. On February 28, 2022, jail staff responded, "You did not provide the requested information. Please resubmit, do not appeal." Id. The plaintiff did not further respond to the grievance, appeal again or provide additional information as staff directed him to. Id.

The defendant filed a declaration from Captain William Duckert, who is the assistant commander of the jail. Dkt. No. 84. Captain Duckert avers that he reviewed the plaintiff's "entire grievance history during the relevant incarceration at Milwaukee County Jail, and these are the only grievances [the plaintiff] filed alleging unsanitary conditions of confinement." Id. at ¶12. He avers that the plaintiff never provided "the necessary information" for staff to review his grievances and "never filed an appeal on any of the related grievances." Id. at ¶13.

## II. Discussion

### A. Summary Judgment Standard

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. Brummett v. Sinclair Broad. Grp., Inc., 414 F.3d 686, 692 (7th Cir. 2005). The court must construe all facts in the light most favorable to the plaintiff, as the non-moving party, and draw all reasonable inferences in his favor. See Anderson, 477 U.S. at 255.

### B. Exhaustion

Under the Prison Litigation Reform Act (PLRA), an incarcerated person cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see Woodford v. Ngo, 548 U.S. 81, 93 (2006). To comply with §1997e(a), an incarcerated person

7

must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA's exhaustion requirement applies to "prisoners" as the statute defines that term, which includes pretrial detainees like the plaintiff was when he filed this lawsuit. See 28 U.S.C. §1915(h) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program").

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), and expects "prisoners" to adhere to "the specific procedures and deadlines established by the prison's policy," King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015) (citing Woodford, 548 U.S. at 93), overruled on other grounds by Henry v. Hulett, 969 F.3d 769, 774 (7th Cir. 2020). That means if the plaintiff failed to complete any step in the jail's exhaustion process before bringing his lawsuit, the court must dismiss the plaintiff's claims. See Perez, 182 F.3d at 535. "Substantial compliance with administrative remedies" does not satisfy the PLRA. Farina v. Anglin, 418 F. App'x 539, 543 (7th Cir. 2011) (citing Booth v. Churner, 532 U.S. 731, 739 (2001), and Dole, 438 F.3d at 809). Because exhaustion is an affirmative defense, the defendant bears the burden of proving

that the plaintiff failed to exhaust. See Pavey v. Conley, 544 F.3d 740–41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

C. Analysis

The undisputed evidence shows that the plaintiff filed two grievances about the conditions of his confinement at the jail, which is the one claim on which the court allowed him to proceed in this lawsuit. Jail staff responded to the plaintiff's January 4, 2022 grievance and asked him to resubmit the grievance with additional information. The plaintiff did not resubmit the grievance, did not appeal the response he received and did not take any other action on this grievance. The plaintiff filed his second grievance on February 21, 2022 and jail staff again asked him to provide more information about his complaint. The plaintiff did not respond or provide more information and instead filed an appeal. Jail staff responded to the appeal and again asked the plaintiff to resubmit his grievance (not appeal) with additional information about his complaint. The plaintiff did not resubmit his grievance, did not provide any additional information and did not take any other action on this grievance.

The jail's Occupant Handbook contains the process for incarcerated persons wishing to file a grievance about issues affecting their health and welfare or the jail's facilities and services. The handbook instructs those persons to await a response from a jail representative. If unsatisfied with the response, the incarcerated person may appeal the decision in writing and provide supporting documentation. The jail representative then reviews and

decides the appeal. The incarcerated person may appeal that decision to the Jail Commander, whose decision is final.

The undisputed evidence shows that the plaintiff did not follow "the specific procedures and deadlines established by the [jail]'s policy" in the Occupant Handbook. See King, 781 F.3d at 893. The evidence shows that jail staff promptly responded to the plaintiff's grievances and attempted to address the issues that the plaintiff grieved. But the plaintiff failed to provide the information necessary for staff to address the problem and instead abandoned his complaints. There is no evidence suggesting that the plaintiff was unaware of the Occupant Handbook's instructions for filing a grievance. Nor is there evidence that the grievance process was unavailable to the plaintiff or that he did not know how to follow it. The undisputed evidence shows that the plaintiff filed several grievances during the seven months he was incarcerated at the jail, which suggests he was familiar with the process and procedures for filing grievances. He did not follow those procedures for the two grievances he filed about the conditions of his confinement at the jail.

By failing to follow each step in the Occupant Handbook, the plaintiff failed to fully comply with the jail's available grievance process. See Perez, 182 F.3d at 535. That means he did not exhaust his administrative remedies before bringing this lawsuit, and the court must dismiss the case without prejudice for the plaintiff's failure to comply with §1997e(a). See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

### III. Conclusion

The court **GRANTS** the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 80.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

12
Case 2:22-cv-00045-PP   Filed 01/29/24   Page 12 of 12   Document 86